UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NAMI BAYAN, M.D. | : | |
|    Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:14-cv-00528-VAB |
| | : | |
| GAIL M. SULLIVAN, M.D. | : | |
|    Defendant. | : | |

**RULING ON DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.   INTRODUCTION**

Defendant Gail M. Sullivan, M.D. ("Dr. Sullivan") moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings on the ground that the claims asserted by plaintiff Nami Bayan, M.D. ("Dr. Bayan") are barred by *res judicata*. For the reasons stated herein, the motion is DENIED.

**II.   STANDARD OF REVIEW**

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Id.* "The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle [the plaintiff] to relief." *Id.*

**III.   FACTUAL AND PROCEDURAL BACKGROUND**

Dr. Bayan is of Persian ancestry and Iranian national origin. He was formerly a fellow in the Geriatric Medicine Fellowship Program at the University of Connecticut

School of Medicine (the "Program").  Dr. Sullivan is the director of the Program.

On or about December 26, 2013, Dr. Bayan sued Dr. Sullivan in the Superior Court of Connecticut claiming tortious interference with professional expectancies and relationships and intentional infliction of emotional distress (the "State Court Action").[1] Dr. Bayan alleged that Dr. Sullivan terminated him from the Program, falsely and maliciously stated that he was unprofessional and inappropriate in his relationships with colleagues, and refused to respond to inquiries seeking clarification of her opinions. The complaint stated that Dr. Sullivan was being sued in her individual capacity.  Dr. Sullivan moved to dismiss on the ground that the court lacked subject matter jurisdiction because Dr. Bayan's claims were barred by sovereign immunity.

Before the court ruled on Dr. Sullivan's motion to dismiss, Dr. Bayan filed this federal lawsuit alleging disparate treatment on the basis of his ancestry and national origin in violation of the Equal Protection Clause of the Fourteenth Amendment as enforced through 42 U.S.C. § 1983.  The complaint in this action is substantially similar to the complaint in the State Court Action in both form and substance, centering on the same allegations that Dr. Sullivan terminated Dr. Bayan from the Program, falsely and maliciously stated that he was unprofessional and inappropriate in his relationships with

---

[1] The State Court Action was brought in the Judicial District of Middlesex at Middletown and assigned Docket No. MMX-CV-14-6011138-S.  The Court takes judicial notice of the record in the State Court Action.  *See Kiryas Joel Alliance v. Vill. of Kiryas Joel*, 495 F. App'x 183, 187 (2d Cir. 2012) ("In determining whether plaintiffs' claims were barred by res judicata, the district court properly considered documents expressly referenced in the amended complaint and materials in the public record that are subject to judicial notice."); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (court may take judicial notice of "public records, including complaints filed in state court, in deciding a motion to dismiss"); *Cowan v. Ernest Codelia, P.C.*, No. 98 CIV. 5548 (JGK), 2001 WL 856606, at *1 (S.D.N.Y. July 30, 2001) ("Thus, it is proper to consider public documents on a motion to dismiss to determine whether claims are barred by prior litigation.") (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)); *Simpson v. Melton-Simpson*, No. 10 CIV. 6347 NRB, 2011 WL 4056915, at *2 (S.D.N.Y. Aug. 29, 2011) ("Here, where defendant's *res judicata* argument depends on the New Jersey state court's judgment, we take judicial notice of plaintiff's complaint filed in New Jersey state court and the transcript of the state court's decision, without converting the motion into to [sic] one for summary judgment.").

colleagues, and refused to respond to inquiries requesting clarification of her opinions. However, the complaint in this action adds allegations to support the § 1983 claim, including allegations that Dr. Sullivan believed that Dr. Bayan was Muslim, and asserted that another fellow in the Program was superior to Dr. Bayan because he was of Eastern European heritage.

On May 14, 2014, the Superior Court granted Dr. Sullivan's motion to dismiss the State Court Action and entered a judgment of dismissal. The entire substance of the court's order reads as follows: "Granted on the basis of statutory and sovereign immunity. See Cimmino v. Maroccia, 149 Conn. App. 350 (2014)."

## IV. DISCUSSION

Dr. Sullivan moves for judgment on the pleadings on the ground that Dr. Bayan's current § 1983 claim is barred by *res judicata* because it could have been brought in the State Court Action. The application of that doctrine, however, requires that her motion be denied. Under Connecticut law, which this Court must apply in determining that doctrine's effect on this case, the dismissal of the State Court Action on jurisdictional grounds was not a judgment on the merits and, therefore, the doctrine of *res judicata* does not preclude this current action.

### A. *Res Judicata*

Under the doctrine of *res judicata*, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979).

State court judgments have *res judicata* effect in federal courts. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under the Full Faith and Credit

3

Clause[2] and its implementing statute[3], "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Id.* The Supreme Court has held that state court judgments have preclusive effect as to subsequent § 1983 suits in federal court. *Id.* at 85 ("Section 1983 . . . does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims.").

When determining the preclusive effect of a state court judgment, federal courts may not "employ their own rules" but rather must "accept the rules chosen by the State from which the judgment is taken." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 462 (1982); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (federal court must "refer to the preclusion law of the State in which judgment was rendered."); *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) ("Where there is a final state court judgment, a federal court looks to that state's rules of res judicata to determine the preclusive effect of that judgment."). Because the judgment in the State Court Action was rendered by a Connecticut court, we look to Connecticut's law of *res judicata* to determine its preclusive effect.

B. **Connecticut Law of *Res Judicata***

In Connecticut, application of *res judicata* requires that there be a final judgment on the merits. *Weiss v. Weiss*, 998 A.2d 766, 775 (Conn. 2010) ("The doctrine of res

---

[2] "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const. art. IV, § 1.
[3] " . . . Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738.

judicata provides that '[a] valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties . . . upon the same claim or demand.'") (quoting *Gaynor v. Payne*, 804 A.2d 170, 177 (Conn. 2002)) (internal quotation marks omitted in original) (alteration in original); *Legassey v. Shulansky*, 611 A.2d 930, 933 (Conn. 1992) ("Application of the doctrine of res judicata requires that there be a previous judgment on the merits.").

"A judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form." *Bruno v. Geller*, 46 A.3d 974, 988 (Conn. App. Ct. 2012); *cf. Keller v. Beckenstein*, 46 A.3d 102, 107 (Conn. 2012) ("[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction."). Thus, the Supreme Court of Connecticut recently held that granting a motion to dismiss on jurisdictional grounds did not constitute a judgment on the merits for *res judicata* purposes. *Santorso v. Bristol Hosp.*, 63 A.3d 940, 947-51 (2013) (observing that because, in Connecticut, "[a] motion to dismiss . . . properly attacks the jurisdiction of the court," a court's determination of whether to grant a motion to dismiss "usually does not extend to the merits" and that "the granting of [a motion to dismiss] would not constitute a judgment on the merits"; holding that plaintiff's failure to satisfy condition precedent to wrongful death suit implicated personal jurisdiction, and that earlier judgment dismissing suit on that ground was therefore not on the merits).

The Appellate Court of Connecticut has recognized repeatedly that judgments based on lack of jurisdiction are not on the merits for *res judicata* purposes. *U.S. Bank, N.A. v. Foote*, 94 A.3d 1267, 1272 (Conn. App. Ct. 2014) ("Judgments based on the following reasons are not rendered on the merits: want of jurisdiction . . . ."); *Bruno v.*

*Geller*, 46 A.3d 974, 987 (Conn. App. Ct. 2012) (same); *Legassey v. Shulansky*, 611 A.2d 930, 933 (Conn. App. Ct. 1992) (same). Thus, trial courts in Connecticut have held that "[d]ismissal of a complaint for lack of subject matter jurisdiction does not constitute a final judgment on the merits." *Braham v. Newbould*, No. NNHCV125034199S, 2012 WL 3870831, at *3 (Conn. Super. Ct. Aug. 3, 2012) (earlier decision granting motion to dismiss for lack of subject matter jurisdiction did not constitute final judgment on the merits because "the court's decision to grant the motion to dismiss was based on jurisdictional grounds, not the merits of the plaintiff's claim."); *Neylan v. Pinsky*, No. CV 950375368, 1997 WL 666780, at *2 (Conn. Super. Ct. Oct. 8, 1997) ("The dismissal of the plaintiffs' claim for lack of subject matter jurisdiction was not a judgment rendered on the merits. Thus, the plaintiffs' claim is not barred by the doctrine of res judicata."). Those holdings comport with the rule that only a final judgment on the merits by a court of competent jurisdiction has preclusive effect. *See Weiss*, 998 A.2d at 775 ("[a] valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties . . . upon the same claim or demand.") (internal quotation marks omitted) (alteration in original).

In Connecticut, "[s]overeign immunity relates to a court's subject matter jurisdiction over a case . . . ." *Chief Info. Officer v. Computers Plus Ctr., Inc.*, 74 A.3d 1242, 1255 (Conn. 2013). "Because sovereign immunity implicates subject matter jurisdiction . . . that doctrine is a basis for granting a motion to dismiss." *Gold v. Rowland*, 994 A.2d 106, 139 (Conn. 2010); *Columbia Air Servs., Inc. v. Dep't of Transp.*, 977 A.2d 636, 641 (Conn. 2009) ("[T]he doctrine of sovereign immunity implicates

6

subject matter jurisdiction and is therefore a basis for granting a motion to dismiss.").

The same is true for statutory immunity. *Martin v. Brady*, 802 A.2d 814, 817 (Conn. 2002) ("[T]he doctrine of [statutory] immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss.") (alterations in original); *Lawrence v. Weiner*, 106 A.3d 963, 967 (Conn. App. Ct. 2015) ("Claims involving the doctrines of common-law sovereign immunity and statutory immunity, pursuant to [state employee immunity statute], implicate the court's subject matter jurisdiction.").

**C.    The Judgment**

The judgment in the State Court Action does not bar Dr. Bayan's claims in this action because it was not a final judgment on the merits.

First, the Superior Court entered judgment because it granted Dr. Sullivan's motion to dismiss for lack of subject matter jurisdiction. In Connecticut, a motion to dismiss challenges the court's jurisdiction. Conn. Practice Book § 10-30(b) ("Any defendant, wishing to contest the court's jurisdiction, shall do so by filing a motion to dismiss . . . ."); *Chief Info. Officer*, 74 A.3d at 1255 ("A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."). As explained *supra*, judgments based on lack of jurisdiction do not constitute final judgments for *res judicata* purposes in Connecticut. *See Santorso*, 63 A.3d 940, 947-51; *Foote*, 94 A.3d at 1272.

Second, the Superior Court's order stated that Dr. Sullivan's motion to dismiss was granted on statutory and sovereign immunity grounds and cited *Cimmino v. Maroccia*, 89 A.3d 384 (Conn. App. Ct. 2014). In *Cimmino*, a former elementary school

7

principal sued, *inter alia*, two state officials. *Id.* at 387. The complaint stated that the state officials were sued in their "individual capacities only." *Id.* The state officials nonetheless moved to dismiss for lack of subject matter jurisdiction on the ground that the claims against them were barred by sovereign immunity. *Id.* The Appellate Court of Connecticut concluded that despite the complaint's assertion that the state officials were sued only in their individual capacities, the claims were, in fact, asserted against the state of Connecticut and were barred by sovereign immunity. *Id.* at 390-91. The court remanded the case and directed that the state officials' motion to dismiss for lack of subject matter jurisdiction be granted. *Id.* at 391.

The cumulative effect of the motion to dismiss the State Court Action for lack of subject matter jurisdiction due to sovereign immunity and the Superior Court's reliance on *Cimmino* in granting that motion is that the judgment in the State Court Action was not on the merits and therefore has no *res judicata* effect. *Legassey*, 611 A.2d at 933 ("Application of the doctrine of res judicata requires that there be a previous judgment on the merits.").

Dr. Sullivan seems to rely on *Weiss v. Weiss*, 998 A.2d 766 (Conn. 2010) for the proposition that a judgment need not be on the merits to be preclusive, so long as there was a fair opportunity to get to the merits in the earlier action. (*See* Mem. L. Supp. Mot. J. Pldgs. at 5, ECF No. 13-1; Reply Mem. Supp. Mot. J. Pldgs. at 1, ECF No. 16.) Dr. Sullivan twice quotes the following quotation from the *Weiss* opinion: "[t]he essential concept of the modern rule of claim preclusion is that a judgment against [the] plaintiff is preclusive not simply when it is 'on the merits' but when the procedure in the first action afforded [the] plaintiff a fair opportunity to get to the merits." (*Id.*) *Weiss* quotes that

language from a treatise[4] after reciting the well-established rule that "[a] valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties . . . upon the same claim or demand." *Weiss*, 998 A.2d at 775 (alteration in original).

The Connecticut Supreme Court in *Weiss* did not abrogate the requirement for a final judgment on the merits in order to apply *res judicata*. Rather, it expressly acknowledged it. Footnote 5 of the *Weiss* opinion notes that "[b]ecause the federal action was dismissed for lack of subject matter jurisdiction[,] . . . a ground that by its very nature precludes the court from considering the merits of the plaintiff's claims, we need not consider the federal action for the purposes of the defendant's res judicata and collateral estoppel arguments."[5] *Id.* at 771 n.5. Thus, *Weiss* directly supports the denial of Dr. Sullivan's motion in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED.

SO ORDERED at Bridgeport, Connecticut this twentieth day of April, 2015.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[4] F. James & G. Hazard, *Civil Procedure* § 11.15 (3d ed. 1985).
[5] In contrast, it was undisputed that the judgment that did have preclusive effect in *Weiss*, a marriage dissolution judgment entered after a nine-day trial, was on the merits. *Weiss*, 998 A.2d at 770, 774.